UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-1755-CIV-MOORE
Magistrate Judge Garber

VINCENT J. ROTONDO, )
                    )
     Plaintiff,     )
                    )
v.                  )
                    )
CISCO SYSTEMS, INC.,)
                    )
     Defendant.     )
_____)

## DEFENDANT CISCO SYSTEMS, INC.'S NOTICE OF FILING DECLARATION OF JUDY BOTELHO

Defendant, Cisco Systems, Inc., hereby gives notice that on the date of service set forth below, it has served the Declaration of Judy Botelho which is attached hereto.

Respectfully submitted,

GREENBERG TRAURIG
Attorneys for Cisco Systems, Inc.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500

_____
MARK P. SCHNAPP
Florida Bar No. 501689
ELIOT PEDROSA
Florida Bar No. 182443

CASE NO. 00-1755-CIV-MOORE
Magistrate Judge Garber

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing DEFENDANT CISCO SYSTEMS, INC.'S NOTICE OF FILING DECLARATION OF JUDY BOTELHO has been Hand-delivered to: **Joseph L. Rebak, Esq.**, and **Peter F. Valori, Esq.**, Tew Cardenas Rebak Kellogg Lehman DeMaria & Tague, L.L.P., Attorneys for Plaintiff, 201 South Biscayne Blvd., Suite 2600, Miami, FL 33131, on this 20th day of July, 2000.

                                            ELIOT PEDROSA

MIAMI3/PEDROSAE/196848/47w001!.DOC/7/20/00

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500 FAX 305-579-0717 www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO
SÃO PAULO  FORT LAUDERDALE  WEST PALM BEACH  ORLANDO  TALLAHASSEE  BOCA RATON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-1755-CIV-MOORE
Magistrate Judge Garber

| | |
|---|---|
| VINCENT J. ROTONDO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CISCO SYSTEMS, INC., | ) ) |
| Defendant. | ) ) ) |

**DECLARATION OF JUDY BOTELHO**

I, Judy Botelho, make this declaration pursuant to 28 U.S.C. §1746.

1. My name is Judy Botelho. I am over the age of eighteen years and otherwise competent to testify as follows. The facts contained in this declaration are based on my personal knowledge and are true and correct.

2. I am an Employee Relations Specialist employed by Cisco Systems, Inc. in Santa Clara County, California, and I am the records custodian of the employment records of Vincent J. Rotondo, the plaintiff in the above-styled civil action, at Cisco Systems, Inc.

3. I have attached to this Declaration, as Composite Exhibit "A", a true and correct copy of the offer letter, Proprietary Information and Inventions Agreement, and Terms of

CASE NO. 00-1755-CIV-MOORE
Magistrate Judge Garber

Employment Agreement executed by Vincent J. Rotondo prior to commencing his most recent employment at Cisco Systems, Inc. in July of 1997.

4. I declare under penalties of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 14, 2000.

_____
JUDY BOTELHO

MIAMI3/PEDROSAE/196462/471@01!.DOC/7/14/00

-2-

  **CISCO SYSTEMS**

Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95134-17
Phone: 408 526-4000
Fax: 408 526-4100
http://www.cisco.com

July 25, 1997

Mr. Vincent Rotondo
1080 Admiral Crossing
Alpharetta, GA 30202

Dear Vincent:

On behalf of Cisco Systems, Inc., I am pleased to offer to you the exempt position of Account Manager at grade level 500 in our Atlanta, Georgia office, reporting to me. After your start date, your salary and performance will be reviewed on an annual schedule.

Your compensation will include:

- A base salary of $1,538.47 paid every other week, equal to $40,000.00 on an annualized basis.

- Eligibility to participate in the 1998 Sales Incentive Commission Plan - US Account Mangers.

- In addition to your base salary and commissions (paid based upon the most current Cisco Sales Compensation Plan), for the first 3 of your employment you will receive a forgivable draw of $5,000.00 per month and for the next 3 you will receive a recoverable draw of $5,000.00 per month.

- Subject to Board approval, you will be granted an option to purchase 500 shares of the company's common stock. The purchase price of the stock will be the price in effect on the date the Board grants your stock options. In accordance with the terms of the stock option plan, the option on 25% of the shares becomes exercisable upon completion of the first year of employment. From that point forward, you will be able to exercise 1/48 of the initial grant per month over the next 36 months.

- As a full-time employee, you will be provided with the full company benefit package, a summary of which is enclosed for your review. We have put a great deal of emphasis on our benefits, and expect that they will continue to evolve as we grow and as the needs of our people and their families change.

This offer is contingent upon our completion of successful reference checks and a background investigation(which is routinely conducted on all new hires), and you

Mr. Vincent Rotondo
July 25, 1997
Page 2 of 2

signing both the enclosed copy of this offer letter and the Proprietary Information and Invention Agreement/Confidential Disclosure Agreement/Terms of Employment.

The Immigration Control and Reform Act of 1986 requires that all new employees submit proof of employment eligibility. This proof should be submitted on your first day of employment, along with the enclosed I-9 form. You can satisfy the I-9 requirement by providing one document from list A on the I-9 instructions or by providing one document from both List B and List C as outlined on the second page of the enclosed I-9 form. In order to put you on the Cisco payroll, you will need to bring your Social Security Number.

Vincent, we are pleased that you are interested in Cisco Systems. We believe this position is an excellent opportunity, and we are confident it will provide you with the personal challenge and potential growth opportunity you seek. We believe that you will find Cisco a truly exciting and fulfilling place to work. Please signify your acceptance of our offer by signing below and returning this letter to Tara Dishmon, Human Resources Coordinator, by Monday, July 28, 1997 or fax to (408)526-5893.

Sincerely,

Bob Loutitt
Regional Sales Manager

BL/td

I accept this offer:

_____          __7/25/97_____
Mr. Vincent Rotondo                    Date

____8/4/97____
Anticipated Start Date

Attachments:
- Cisco Benefits Summary
- Proprietary Information and Invention Agreement/Confidential Disclosure Agreement/Terms of Employment
- I-9 Form
- W-4 Form



Cisco Systems, Inc.
170 West Tasman Drive
San Jose, CA 95134-1706
Phone: 408 526-4000
Fax: 408 526-4100
http://www.cisco.com

# PROPRIETARY INFORMATION AND INVENTION AGREEMENT
# AND
# TERMS OF EMPLOYMENT

The following confirms an agreement between me and Cisco Systems, Inc., a California corporation (hereafter referred to as "the Company"), which is a material part of the consideration for my employment by the Company:

## PROPRIETARY INFORMATION AND INVENTION AGREEMENT

1.  I understand that the company possesses Proprietary Information which is important to its business. For purposes of this Agreement, "Proprietary Information" is information that was developed, created, or discovered by the Company, or which became known by, or was conveyed to the Company, which has commercial value in the Company's business. "Proprietary Information" includes, but is not limited to, software programs and subroutines, source and object code, trade secrets, ideas, techniques, inventions (whether patentable or not), business and product development plans, and other information concerning the Company's actual or anticipated business, research or development, or which is received in confidence by or for the Company from any other person. I understand that my employment creates a relationship of confidence and trust between me and the Company with respect to Proprietary Information.

2.  I understand that the company possesses "Company Documents" which are important to its business. For purposes of this Agreement, "Company Documents" are documents or other media that contain Proprietary Information or any other information concerning the business, operations or plans of the Company, whether such documents have been prepared by me or by others. "Company Documents" include, but are not limited to, blueprints, drawings, photographs, charts, graphs, notebooks, customer lists, computer disks, tapes or printouts, sound recordings and other printed, typewritten or handwritten documents.

3.  In consideration of my employment by the Company and the compensation received by me from the Company from time to time, I hereby agree as follows:

    a. All Proprietary Information and all patents, copyrights and other rights in connection therewith shall be the sole property of the Company. I hereby assign to the Company any rights I may have or acquire in such Proprietary Information. At all times, both during my employment by the Company and after its termination, I will keep in confidence and trust and will not use or disclose any Proprietary Information or anything relating to it without the prior written consent of an officer of the Company, except as may be necessary in the ordinary course of performing my duties to the Company.

b. I agree to make and maintain adequate and current written records, in a form specified by the Company, of all inventions, trade secrets and works of authorship assigned or to be assigned to the Company pursuant to this Agreement. All Company Documents shall be the sole property of the Company. I agree that during my employment by the Company, I will not remove any Company Documents from the business premises of the Company or deliver any Company Documents to any person or entity outside the Company, except as I am required to do in connection with performing the duties of my employment. I further agree that, immediately upon the termination of my employment by me or by the Company for any reason, or during my employment if so requested by the Company, I will return all Company Documents, apparatus, equipment and other physical property, or any reproduction of such property, excepting only (i) my personal copies of records relating to my compensation; (ii) my personal copies of any materials previously distributed generally to stockholders of the Company; and (iii) my copy of this Agreement.

c. I will promptly disclose in writing to my immediate supervisor, with a copy to the President of the Company, or to any persons designated by the Company, all "Inventions," which includes all software programs or subroutines, source or object code, improvements, inventions, formulas, ideas, processes, techniques, know-how and data, whether or not patentable, made or conceived or reduced to practice or developed by me, either alone or jointly with others, during the term of my employment. I will also disclose to the President of the Company all Inventions made, conceived, reduced to practice, or developed by me within six months of the termination of my employment with the Company which resulted from my prior work with the Company. Such disclosures shall be received by the Company in confidence and do not extend the assignment made in Section (d) below.

d. I agree that all Inventions which I make, conceive, reduce to practice or develop (in whole or in part, either alone or jointly with others) during my employment shall be the sole property of the Company to the maximum extent permitted by Section 2870 of the California Labor Code, a copy of which is attached, (Exhibit B). This assignment shall not extend to Inventions, the assignment of which is prohibited by Labor Code Section 2870. The Company shall be the sole owner of all patents, copyrights and other intellectual property or other rights in connection therewith. I further acknowledge and agree that such Inventions, including any computer programs, programming documentation, and other works of authorship, are "works made for hire" for purposes of the Company's rights under copyright laws. I hereby assign to the Company any rights I may have or acquire in such Inventions.

e. I agree to perform, during and after my employment, all acts deemed necessary or desirable by the Company to permit and assist it, at the Company's expense, in obtaining and enforcing patents, copyrights or other rights on such Inventions and Improvements in any and all countries. Such acts may include, but are not limited to, execution of documents and assistance or cooperation in legal proceedings. I hereby irrevocably designate and appoint the Company and its duly authorized officers and agents, as my agents and attorney-in-fact to act for and in my behalf and instead of me, to execute and file any applications or related findings and to do all other lawfully permitted acts to further the prosecution and issuance of patents, copyrights or other rights thereon with the same legal force and effect as if executed by me.

f. I have attached hereto a complete list of all Inventions or Improvements to which I claim ownership and that I desire to remove from the operation of this Agreement, and I acknowledge and agree that such list is complete. If no such list is attached to this Agreement, I represent that I have no such Inventions and Improvements at the time of signing this Agreement.

g. During the term of my employment and for one (1) year thereafter, I will not encourage or solicit any employee of the Company to leave the Company for any reason. However, this obligation shall not affect any responsibility I may have as an employee of the Company with respect to the bona fide hiring and firing of company personnel.

h. Prior to my submitting or disclosing for possible publication or dissemination outside the Company any material prepared by me or incorporating information or test written or developed by me that concerns the Company's business or anticipated research, I agree to deliver a copy of such material to an officer of the Company for his or her review. Within twenty (20) days of following such submission, the Company agrees to notify me whether the Company believes such material contains any Proprietary Information, and I agree to make such deletions and revisions as are reasonably requested by the Company to protect its Proprietary Information. I further agree to obtain the consent of the Company prior to any review of such material by persons outside the Company.

i. I agree that, during my employment with the Company, I will not provide consulting services to or become an employee of, any other firm or person engaged in a business in any way competitive with the Company, or involved in the design, development, or marketing of software products, without first informing the Company of the existence of such proposed relationship and obtaining the prior written consent of the VP, Human Resources.

j. I represent that my performance of all the terms of this Agreement will not breach any agreement to keep in confidence proprietary information acquired by me in confidence or in trust prior to my employment by the Company. I have not entered into, and I agree I will not enter into, any agreement either written or oral in conflict herewith or in conflict with my employment with the Company.

4. If one or more provisions of this Agreement are held to be unenforceable under applicable law, such provision(s) shall be excluded from this agreement and the balance of the Agreement shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

5. This Agreement shall be effective as of the first day of my employment with the Company and shall be binding upon me, my heirs, executor, assigns, and administrators, and shall inure to the benefit of the Company, its subsidiaries, successors and assigns.

6. This Agreement can only be modified by a subsequent written agreement executed by the President of the Company.

I HAVE READ THIS AGREEMENT CAREFULLY AND I UNDERSTAND AND ACCEPT THE OBLIGATIONS WHICH IT IMPOSES UPON ME WITHOUT RESERVATION. NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME TO INDUCE ME TO SIGN THIS AGREEMENT. I SIGN THIS AGREEMENT VOLUNTARILY AND FREELY.

VINCENT J Rotondo
**Employee Name (Please Print)**

_____  7/28/97
**Employee Signature**          **Date**

## EXHIBIT A

1. The following is a complete list of all Inventions or Improvements relevant to the subject matter of my employment by Cisco Systems, Inc. ("the Company") that have been made or conceived or first reduced to practice by me or jointly with others prior to my employment by the Company that I desire to remove from the operation of the Company's Proprietary Information and Inventions Agreement:

   ✓ No inventions or improvements.

   ___ See below: Any and all inventions regarding:

   ___ Additional sheets attached.

2. I propose to bring to my employment the following materials and documents of a former employer:

   ✓ No materials or documents

   ___ See below:

   _____          7/23/97
   Employee Signature                 Date

## EXHIBIT B

**Section 2870. Application of provision providing that employee shall assign or offer to assign rights in inventions to employer.**

a. Any provision in an employment agreement which provides that an employee shall assign, or offer to assign, any of his or her rights in an invention to his or her employer shall not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities, or trade secret information except for those inventions that either:

   1. Relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer.

   2. Result from any work performed by the employee for his employer.

b. To the extent a provision in an employment agreement purports to require an employee to assign an invention otherwise excluded from being required to be assigned under subdivision (a), the provision is against the public policy of this state and is unenforceable.

## TERMS OF EMPLOYMENT

1. I agree that my offer letter sets forth the Agreement between the company and me concerning my employment by the Company.

2. I agree that I have the right to resign and the Company has the right to terminate my employment at any time for any reason, with or without cause. This is the complete agreement between the company and me on this term of my employment. I further agree that this term can only be modified by the Company President and he or she can only do so in a writing signed and dated by him or her and myself.

3. I agree that any and all disputes that I have with the Company, or any of its employees, which arise out of my employment or under the terms of this Agreement, shall be resolved through final and binding arbitration, as specified herein. This shall include, without limitation, disputes relating to this Agreement, my employment by the Company or the termination thereof, claims for breach of contract or breach of the covenant of good faith and fair dealing, and any claims of discrimination or other claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the American with Disabilities Act, the California Fair Employment and Housing Act, the Employee Retirement Income Securities Act, the Racketeer Influenced and Corrupt Organizations Act, or any other federal, state or local law or regulation now in existence or hereinafter enacted and as amended from time to time concerning in any way the subject of my employment with the company or its termination. The only claims not covered by this Agreement are claims for benefits under the worker's compensation laws, which will be resolved pursuant to those laws. Binding arbitration will be conducted in Santa Clara County, California in accordance with the rules and regulations of the American Arbitration Association (AAA). Each party will split the cost of the arbitration filing and hearing fees, and the cost of the arbitrator; each side will bear its own attorneys' fees; that is, the arbitrator will not have authority to award attorneys' fees unless a statutory section at issue in the dispute authorizes the award of attorneys' fees to the prevailing party, in which case the arbitrator has authority to make such award as permitted by the statute in question. I understand and agree that the arbitration shall be instead of any civil litigation and that the arbitrator's decision shall be final and binding to the fullest extent permitted by law and enforceable by any court having jurisdiction thereof.

### ARBITRATION PROCESS:
a. Employee (or former employee) seeks redress through an outside agency or court.
b. Outside agency or court is provided with documentation that both the company and the employee have agreed to submit disputes to arbitration on a binding basis.
c. List of ten arbitrators is provided by AAA to Cisco and the employee. Both parties strike and rank proposed candidates with the highest mutually ranked candidate being determined as the assigned arbitrator.
d. Arbitrator hearing is held with both parties submitting evidence.
e. Arbitrator renders judgment.

_____    7/25/97
Employee Signature                  Date