NIGHT BOX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA        OCT  2 2000
MIAMI DIVISION

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

Case No. 00-1755-CIV-MOORE
Magistrate Judge Garber

VINCENT J. ROTONDO,

       Plaintiff,

vs.

CISCO SYSTEMS, INC.,

       Defendant.
_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION TO STAY ARBITRATION

Plaintiff, Vincent J. Rotondo, files his memorandum of law in support of his motion for summary judgment or, alternatively, to stay arbitration and in support states:

#### I. The Subject Contract is Excluded from the Federal Arbitration Act Under the Employment Contract Exception

The Federal Arbitration Act ("FAA") excludes the arbitration provision at issue from its application by stating: "nothing herein contained shall apply to contracts of employment of seaman, railroad employees, **or any other class of workers engaged in foreign or interstate commerce.**" 9 U.S.C.A §1 (emphasis added). Cisco points to a split of authority concerning the employment contract exception to the FAA and urges the Court, in the absence of Eleventh Circuit precedent, to choose to limit the exception beyond its plain meaning. In doing so, Cisco fails to address the comments of Justice Stevens in *Gilmer v. Interstate/Johnson Lane Corp*, 500 U.S. 2 (1991), wherein he stated that the term "commerce" in Section 1 of the FAA should be read broadly to include all employment contracts affecting interstate commerce. *Id.* at 38-43. In light of the language of the FAA and *Gilmer*, Cisco's narrow reading of the FAA should be rejected.

1

Also, Cisco apparently recognizes that an employment contract involving an employee who moves goods in interstate commerce is excluded from the FAA. Cisco also does not dispute that Mr. Rotondo held the position of Major Account Manager. It is well known by Cisco that such a person's duties would include moving goods, including cables, manuals and small parts and equipment in interstate commerce. *See* attached October 2, 2000 Declaration of Vincent J. Rotondo. Cisco simply argues that "clearly, Rotondo does not fall within the scope of this exclusion." Nothing could be further from clear and Cisco provides no evidence that Mr. Rotondo's position does not involve movement of goods in interstate commerce. Additionally, Cisco's own admission that the contract at issue affects interstate commerce is sufficient to allow summary judgment to be entered in Mr. Rotondo's favor.

Cisco's motion for summary judgment should be denied and summary judgment be entered in favor of Mr. Rotondo. At minimum, there is a genuine issue of material fact as to whether the duties of a Cisco Major Account Manager involve the movement of goods in interstate commerce, thus removing the subject arbitration provision from the application of the FAA.

## II. The Arbitration Provision at Issue Lacks Mutuality Because it was not Signed by Both Parties

Cisco fails to cite controlling California state law opposing Mr. Rotondo's authority that the subject arbitration provision is unenforceable and lacks mutuality because it was not signed by both parties. 58 Cal. Jur.3d *Specific Performance* § 19 (1999) ("If a party is not bound by a contract because he has not signed it, obviously he cannot enforce it against another party since he himself is not bound"). The subject arbitration provision is, therefore, unenforceable as a matter of law.

## III. The Subject Arbitration Provision is Unconscionable And Thus Is Unenforceable

The subject arbitration provision describes the following "process" by which the arbitration provision was to be invoked:

**ARBITRATION PROCESS:**

a. Employee (or former employee) seeks redress through an outside agency or court.

b. Outside agency or court is provided with documentation that both the company and employee have agreed to submit disputes to arbitration on a binding basis.

c. List of ten arbitrators is provided by AAA to Cisco and the employee.

\* \* \*

The above-quoted language makes it clear that arbitration only applies to claims initiated by the employee or the former employee, in this case Mr. Rotondo, not claims initiated by Cisco. Cisco claims that this provision "recognizes reality by acknowledging that employees often seek redress through an outside agency of court." Cisco's explanation, however, does not address the one-sided content of this provision or explain why the language that Cisco drafted does not apply to both the employee and Cisco. In fact, it is clear that this language is indicative of Cisco's intent that the employee be required to arbitrate but that Cisco not be required to arbitrate.

Cisco suggests that it could have been more clear in writing a one sided arbitration agreement by making the arbitration provision refer to "any **claims** I have against the company" rather than "any ... **disputes** that I have with the company." (emphasis added). Cisco actually used more ambiguous language, but language that is nonetheless one sided.

In addition, Cisco's chosen language is, at a minimum, ambiguous and therefore construed against Cisco. Cisco attempts to create a conflict between the rule of contract interpretation requiring contracts to be construed against the drafter and the federal policy favoring arbitration. Cisco's arguments are, however, without merit. In *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52 (1995), the United States Supreme Court, in a case interpreting an arbitration provision, recognized and applied "the common-law rule of contract interpretation that a court should construe ambiguous language against the interest of the party that drafted it." *Id.* at 62. Cisco seems to argue

3

that this rule only applies in favor of arbitration. Cisco's interpretation is simply erroneous. The *Mastrobuono* Court specifically held that the rule applies to the "party" that drafted the subject arbitration provision, not the party who is now seeking arbitration. The incorrectness of Cisco's interpretation of *Mastrobuono* is demonstrated by the First Circuit Court of Appeals' holding in *Paul Revere Variable Annuity Ins. Co. v. Kirschhofer*, WL1273843 (1st Cir. 2000), where that court held:

> ... numerous courts have employed the tenet of *contra proferentem* in construing ambiguities in arbitration agreements against the drafters. *See, e.g., Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62-63 115 S.Ct. 1212, 131 L.Ed. 76 (1995); *Security Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374 (6th Cir. 1999), cert. denied — U.S. —, 120 S.Ct. 1220, 145 L.Ed.2d 1120 (2000). **We think that this is a proper use of *contra proferentem*.**[1] (emphasis added).

The *Paul Revere* court also recognized that "[t]he purpose of the FAA is 'to make arbitration agreements as enforceable as other contracts, but not more so.'" *Id.* at 8 citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 338 U.S. 395, 404 (1967). The Court further held: "[i]t follows inexorably from that statement that the principle of resolving doubts in favor of arbitration is 'subject to constraints.' [citations omitted] One important constraint is that the federal policy favoring arbitration does not totally displace ordinary rules of contract interpretation." *Id.* at 8.

Based on the foregoing, the arbitration provision at issue is unconscionable and therefore unenforceable. To the extent that there is an ambiguity, such ambiguity must be construed against Cisco, a large powerful company that employs many lawyers who could have drafted the subject provision more clearly.

---

[1] In *Paul Revere*, even the party seeking to enforce the arbitration provision at issue conceded that the *contra proferentem* tenet properly applied to questions of whether a party has entered into an arbitration agreement arguing only that it has no application concerning the issue of scope. *Id.* at 8. (emphasis added).

4

### IV. California Law Applies, Alternatively, Cisco's Argument Creates a Genuine Issue of Material Fact

Cisco argues "Florida contract law governs and the instant arbitration agreement as a contract is complete upon deposit of the acceptance in the mail and not upon receipt, as Rotondo alleges." Cisco's Reply Memorandum of Law in Support of its Motion for Summary Judgment and in Opposition to Mr. Rotondo's Motion for Summary Judgment, etc. (hereinafter referred to "Cisco's Reply Memorandum") at 9 citing *Morrison v. Thoelke*, 155 So.2d 889 (Fla. 2d DCA 1963). First, there is no evidence in the record that Mr. Rotondo's response to Cisco's July 25, 1999 letter was mailed. Additionally, Cisco also fails to recognize that the "mailbox rule" does not apply to this case because Cisco's July 25, 1999 letter specified that Mr. Rotondo's employment was not completed until the letter was **returned** to a Cisco employee in California. The risk, therefore, was placed on Mr. Rotondo to actually return the letter and not simply to place it in the mail.

Also, Cisco completely ignores the language of the July 25, 1999 letter to Mr. Rotondo which stated: "[t]his offer is contingent upon our completion of successful reference checks and a background investigation (which is routinely conducted on all new hires)." By the terms of the letter, those acts had to take place before an agreement was complete unless they were waived by Cisco. Those acts most likely occurred or were waived by Cisco in California and therefore California law applies. Cisco's failure to address the foregoing issues requires summary judgment to be granted in Mr. Rotondo's favor or, at minimum, Cisco's motion should be denied as there are genuine issues of material fact.

### V. There Are Genuine Issues of Material Fact Concerning Cisco's Waiver of its Right to Arbitrate

Cisco's participation in other litigation and the level of prejudice that Mr. Rotondo has suffered involve genuine issues of material fact. Cisco's participation in the AMC and WWSI litigation since April 26, 2000 against Mr. Rotondo as an un-named party certainly raises a factual issue as to Cisco's intent to waive its right to arbitrate. Mr. Rotondo has also been prejudiced by Cisco's proceeding against Mr. Rotondo as an un-named party. Having named Mr. Rotondo as an

5

un-named party in its litigation proceedings, Cisco then gave copies of the pleadings to the national media and posted them on the internet so that it could publish, with impunity, its scandalous and baseless allegations against Mr. Rotondo. This prejudicial conduct cannot be permitted.

## VI. Conclusion

Based on the foregoing, Vincent J. Rotondo, requests that the court deny Cisco's motion for judgment on the pleadings, summary judgment and for a stay pending arbitration and enter summary judgment in favor of Mr. Rotondo, enjoining the arbitration commenced by Cisco in California permanently. Alternatively, should the court determine that summary judgment is not appropriate at this time, the subject arbitration should be stayed pending resolution of this litigation.

Respectfully submitted,

**TEW CARDENAS REBAK KELLOGG LEHMAN DEMARIA & TAGUE, L.L.P.**
Attorneys for Plaintiff
201 South Biscayne Boulevard, Suite 2600
Miami, Florida 33131
Telephone:   (305) 536-1112
Facsimile:   (305) 536-1116

By: _____
Joseph L. Rebak, Esquire
Florida Bar No. 308668
Peter F. Valori, Esquire
Florida Bar No. 0043516

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail to Elliott Pedrosa, Esquire, Greenberg Traurig, Attorneys for Defendant, 1221 Brickell Avenue, Miami, Florida 33131 on this 2nd day of October, 2000.

_____
Peter F. Valori

62048.005
#248557v1<Miami> -reply in support of motion for summary judgment.wpd

6

TEW CARDENAS REBAK KELLOGG LEHMAN DEMARIA & TAGUE, L.L.P.
Miami Center 26th Floor, 201 South Biscayne Boulevard, Miami, Florida 33131-4336 • 305-536-1112

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 00-1755-CIV-MOORE
Magistrate Judge Garber

VINCENT J. ROTONDO,

    Plaintiff,

vs.

CISCO SYSTEMS, INC.,

    Defendant.
_____/

## DECLARATION OF VINCENT J. ROTONDO

1.    I am over the age of eighteen and have personal knowledge of the facts concerning this case.

2.    A Cisco Major Account Manager is required to move goods, including cables, manuals and small parts and equipment in interstate commerce.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 2 day of October, 2000.

Vincent J. Rotondo

MHODMA.MIAMI;248556;1



EXHIBIT "A"